FILED
United States Court of Appeals
Tenth Circuit

February 2, 2010

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN THOMAS WATTERS,

Defendant-Appellant.

No. 09-5132
(D.C. Nos. 4:08-CV-00610-CVE-PJC
and 4:05-CR-00070-CVE-1)
(N. Dist. Okla.)

---

## ORDER[*]

---

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

---

John Thomas Watters seeks a Certificate of Appealability (COA) to appeal

the district court's denial of his 28 U.S.C. § 2255 petition and verified motion for

evidentiary hearing. For substantially the reasons stated by the district court, we

deny Mr. Watters' request for a COA.[1]

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore ordered submitted without oral argument. This order is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

[1]Although his notice of appeal was due on or before September 14, 2009,
*see* Fed. R. App. P. 4(a)(1)(B), Mr. Watters did not file it until September 15,

Mr. Watters was convicted of conspiracy in violation of 21 U.S.C. § 846 (Count I); possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii) (Count II); maintaining, controlling, and profiting from a premises for the purpose of unlawfully storing a controlled substance in violation of 21 U.S.C. § 856(a)(2) and (B) (Count III); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2) (Count IV). He received a sentence of 240 months' imprisonment for Counts I & II, and 97 months' imprisonment for Counts III & IV, to be served concurrently. We affirmed his conviction on appeal. *See United States v. Watters*, 237 F. App'x 376 (10th Cir. 2007).

On October 14, 2008, Mr. Watters timely filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and a verified motion for an evidentiary hearing. His § 2255 petition alleged five claims:

---

2009. The notice of appeal contained a statement that it was mailed on September 8, 2009, suggesting that it could be timely under the prison mailbox rule articulated in Fed. R. App. P. 4(c)(1) ("[i]f an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing"). Because the notice did not include the requisite declaration under penalty of perjury in compliance with 28 U.S.C. §1746 or a notarized statement, we issued a show cause order providing Mr. Watters thirty days to demonstrate compliance with Fed. R. App. 4(c)(1) or otherwise show cause why his appeal should not be dismissed as untimely. *See* Sept. 16, 2009 Order at 2. He responded on September 24 with the requested proof, including a copy of a certified mail receipt showing a September 9, 2009 mailing date. Thus, his appeal is timely.

> (1) his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure; (2) his conviction was obtained by use of evidence gained pursuant to an unlawful arrest; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; and (5) actual innocence.

Aplt. Br. App. D, at 4-5.

In a thorough decision, the district court reviewed each of Mr. Watters's claims. The court concluded that it possessed jurisdiction to review his § 2255 challenges only to the extent that they involved ineffective assistance of counsel because Mr. Watters failed to exercise his opportunity to present his other claims at trial or on direct appeal.  Viewed through the lens of our standards governing determinations of ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999), the district court rejected all five claims.

In so doing, the court reasoned that to the extent Mr. Watters claimed he had rented the property to another and had no access to it except to accept propane deliveries, he possessed no reasonable expectation of privacy in the disputed land and thus lacked standing to pursue a Fourth Amendment challenge to the warrantless video surveillance.  Alternatively, assuming Mr. Watters had standing to contest the video surveillance on his property, the court noted that counsel had researched whether the surveillance was outside the curtilage of Mr. Watters' house, concluded that it was, and therefore believed that the surveillance

was not protected by the Fourth Amendment. The court held that it must defer to counsel's tactical decision not to file a motion to dismiss and accordingly concluded that counsel was not deficient in failing to raise this argument. With respect to Mr. Watters' attack on the subsequent search of the house pursuant to the warrant the officers obtained, the court reasoned that any question as to the search pursuant to the warrant was undermined by *United States v. Leon*, 468 U.S. 897 (1984). Finally, the court observed that Mr. Watters' unlawful arrest claims were "vague and conclusory and are not entitled to any weight," rec. vol. I, at 401; and "Watters presents no new evidence to support his claim of actual innocence and has failed to convince the Court that his trial was marred by constitutional error." *Id.* at 402. Absent any indication that counsel was constitutionally deficient for failing to raise meritorious claims, the court denied the § 2255 petition as well as Mr. Watters's motion for an evidentiary hearing.

To obtain a COA, Mr. Watters must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, he must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

After careful review of the briefs, the record on appeal, and the district court's analysis, we conclude that Mr. Watters has not met the standard for

obtaining a COA.  Accordingly, substantially for the reasons set forth in the district court's well-reasoned opinion, we **DENY** Mr. Watters's request for a COA and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge